DAVID LIEBRADER, ESQ. SBN 5048
THE LAW OFFICE OF DAVID LIEBRADER
601 S. RANCHO DR. STE. D-29
LAS VEGAS, NV 89106
Ph: (702) 380-3131
DaveL@investmentloss.com
Attorney for Plaintiff

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>Virtual Communications Corporation,<br><br>    Debtor, | In Re: Case No 18-12951-leb<br><br>Chapter 11<br><br>Adv. No. |
| Reva Waldo,<br><br>    Plaintiff<br>vs.<br><br>Virtual Communications Corporation,<br><br>    Defendant | **COMPLAINT OBJECTING TO DISCHARGEABILITY OF DEBT** [11 U.S.C. §523(a)(19); |

COMES NOW Creditor Reva Waldo (hereafter "Plaintiff") and alleges as follows:

PRELIMINARY INFORMATION

1. Defendant Virtual Communications Corporation (hereinafter "Defendant") is the Debtor in this Chapter 11 proceeding under Title 11 of the United States Code, Case 18-12951.

2. Plaintiff Reva Waldo ("Plaintiff") is an 80 year old woman residing in Bainbridge, OH.

3. Debtor - Defendant Virtual Communications Corporation ("VCC") is a Nevada Corporation with a principal place of business in Las Vegas, Nevada.

4. Debtor filed its Chapter 11 case on May 22, 2018.

5. The court has jurisdiction to hear his case pursuant to 28 U.S.C. §1334. This action is a core proceeding over which this court has jurisdiction under 28 U.S.C. §157(b) (1). Venue is proper and convenient in the United States Bankruptcy Court for the District of Nevada pursuant to 28 U.S.C. §1408 et. seq.

6. Prior to commencing this adversary proceeding, Plaintiff obtained a summary judgment against Debtor in Dept. 30 of the Clark County District Court in an action against VCC (Waldo v. VCC et al., case A-15-725246). That matter is set for trial against the remaining Defendants for June 25, 2018. In addition to the order granting summary judgment, the Court also found on Plaintiff's behalf on a motion for summary adjudication (primarily of issues related to Nevada Securities Act violations). See Exhibit "A", attached.

7. In the Order, Clark County District Court Judge Tim Williams found that Debtor's sale of a promissory note to Plaintiff was made in violation of the Nevada' Securities Laws as it was an unregistered security.

8. Based upon these findings, and other facts to be introduced in the course of this adversary proceeding, Plaintiff contends that her claim against VCC is not dischargeable.

FACTS

9. The underlying Clark County District Court action was for the recovery of investment losses. The investment at issue is an unregistered security issued by Virtual Communications Corporation as part of an offering of securities undertaken by VCC between 2012-2014. The investments are hereafter referred to as the "VCC Notes" or "Note".

10. The VCC Note sold to Plaintiff takes the form of a 9% promissory note with a term of 18 months (renewable for an additional 6 months). Plaintiff purchased the Note on April 17, 2014 for $111,000 and was paid interest by VCC until January, 2015 when VCC went into default. Plaintiff provided notice of default to VCC, and demanded repayment of principal, interest and attorney's fees as provided for under the Note terms. When VCC failed to meet its obligations, Plaintiff filed suit in Clark County District on September 28, 2015.

11. The matter was litigated, discovery was propounded and depositions taken, including the deposition of Plaintiff and VCC's Chairman, Ronald Robinson. Trial is presently set for June 25, 2018 against Mr. Robinson and another Defendant. Three months prior to trial Plaintiff filed motions for summary judgment and summary adjudication of issues against VCC as to whether VCC was in default under the terms of the promissory note, and whether VCC sold securities in violations of the Nevada Securities Act.

12. Judge Williams heard oral argument on two occasions on these issues, and on April 10, 2018 issued his ruling. Afterwards, findings of fact and conclusions of law were prepared, which were approved by VCC's counsel, and submitted to Judge Williams for signature. His order was signed, and filed with the clerk on May 3, 2018. See Exhibit "A" attached.

13. Among the Nevada Securities Act findings made by Judge Williams was that the VCC Note was an unregistered security sold in violation of Nevada law, and that VCC CEO Ronald Robinson was a control person. VCC's sale of the unregistered security to Plaintiff is the basis for a denial of discharge based on 11 U.S.C.§523(a)(19).

FIRST CAUSE OF ACTION

<u>To Deny Dischargeability of Debt under 11 U.S.C. §523(a) (19)</u>

14. Plaintiff repeats and repleads paragraphs 1 through 13, inclusive and by this reference incorporates them herein.

15. 11 USC § 523(a)(19) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title [11 USC § 727, 1141, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor

from any debt--

(19) that--

(A) is for--

(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934 [15 USC §78c(a)(47)]), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from--

(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

(ii) any settlement agreement entered into by the debtor; or

(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

58. The VCC Note sold to Plaintiff was a security under Nevada law.

59. The VCC Note was not registered, nor exempt from registration under the laws of the state of Nevada. Therefore, for purposes of compliance with Nevada state law, VCC sold unregistered securities to Plaintiff, who is entitled to damages under NRS 90.660.

61. That on May 3, 2018, Plaintiff obtained a summary adjudication of issues after full briefing and oral argument with a finding that the VCC Note sold to her was an unregistered security sold in violation of the Nevada Securities Act, specifically NRS 90.460 and 90.660.

62. Such debt owed from Defendant to Plaintiff is non-dischargeable pursuant to 11 U.S.C. §523(a) (19) of the Bankruptcy Code.

///

WHEREFORE Plaintiff prays for Judgment against Defendant as follows:

1. That the debt owed by Defendant to Plaintiff totaling in excess of $195,000 as of the date of this filing, plus interest thereon be determined non-dischargeable pursuant to 11 U.S.C. §523 (a)(19).

2. That Plaintiff's claim is valid, and can be enforced against any property belonging to VCC, and that such debt is not discharged.

3. For costs of suit.

4. For such other and further relief as this court may deem just and proper.

Dated: May 23, 2018           Respectfully submitted,

By: s//: David Liebrader

David Liebrader
Attorney for Plaintiff

**EXHIBIT "A"**

Electronically Filed
5/3/2018 1:49 PM
Steven D. Grierson
CLERK OF THE COURT

DAVID LIEBRADER, ESQ.
STATE BAR NO. 5048
THE LAW OFFICES OF DAVID LIEBRADER, APC
601 S. RANCHO DR. STE. D-29
LAS VEGAS, NV 89106
PH: (702) 380-3131
Attorney for Plaintiff

## DISTRICT COURT
## CLARK COUNTY, NEVADA

| | |
|---|---|
| IN THE MATTER BETWEEN | Case No. A-15-725246 |
| Reva Waldo, | Dept.: 16 |
| PLAINTIFF, | ORDER ON: |
| v. | 1. **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Ronald J. Robinson, Virtual Communications Corporation, Retire Happy, LLC, Julie Minuskin and DOES 1-10 and ROES 1-10, inclusively | 2. **PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION** |
| DEFENDANTS | 3. **DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO NAME INDISPENSIBLE PARTIES** |
| | 4. **DEFENDANT DAVIS' MOTION TO DISMISS** |

### ORDER ON MOTIONS

The following motions were considered by the court:

1. Plaintiff's motion for summary judgment against Defendant Virtual Communications Corporation;

2. Plaintiff's motion for summary adjudication of issues;

3. Defendants Virtual Communications Corp., Alisa Davis and Ronald Robinson's counter motion to dismiss Plaintiff's complaint for failure to name indispensable parties;

4. Defendant Alisa Davis' motion to dismiss/motion for summary judgment/motion for

APR 1 6 2018

judgment on the pleadings.

The four motions were the subject of two hearings; one on March 8, 2018, the second on April 5, 2018. Appearing for Plaintiff was David Liebrader; appearing for Defendants was Harold Gewerter.

FINDINGS OF FACT; CONCLUSIONS OF LAW

After considering the briefs, oppositions, replies and supporting Declarations submitted, as well as argument by counsel at the two hearings, the Court rules as follows:

1. Plaintiff entered into a valid, binding contract with Defendant Virtual Communications Corporation. Based upon the sworn testimony of VCC's officers Ronald Robinson and Vernon Rodriguez, VCC acknowledged that it is in default under the terms of the promissory note. As a result Plaintiff's motion for summary judgment against VCC is GRANTED.

2. Plaintiff raised the following issues in her motion for summary adjudication; (a) that the VCC note is a security; (b) that the VCC Note was not registered nor exempt from registration; (c) that VCC employed an unlicensed broker dealer to sell the VCC Notes; and (d) that Ronald Robinson is a control person under the Nevada Securities Act. Based upon the authorities cited by Plaintiff in her motion for summary adjudication, including NRS 90.295 and State v. Friend, 40 P. 3d 436; 118 Nev. 115 (2002) and the certification from the Nevada Secretary of State, the Court Orders that Plaintiff's motion for summary adjudication on the four issues raised is GRANTED.

3. Defendants' motion to dismiss for failure to name an indispensable party, specifically Provident Trust Group was the subject of extensive briefing. In addition to the motion,

2

opposition and reply the court also asked for and received supplemental briefing from the parties, as well as out of jurisdiction authorities lodged with the court by Plaintiff. The issue of whether a self-directed IRA Custodian is a necessary party such that the Plaintiff lacks standing to sue is an issue of first impression in Nevada. Based upon the filings the Court finds that Provident Trust owed limited duties to Plaintiff and did not direct, consent, approve or disapprove of Plaintiff's investment decisions in the self-directed account. Instead, it was Plaintiff, the owner of the Provident Trust Group custodial account who managed, directed and controlled the investments. See FBO David Sweet IRA v. Taylor, 4 F. Supp. 3d 1282 (E.D. Ala. 2014). Because Plaintiff was the sole decision maker on the account, and Provident Trust Group expressly, by contract, declined to undertake any action to pursue remedies for default on the investment, the Court finds that Provident Trust Group is not a necessary or indispensable party and on the basis DENIES Defendant's motion.

4. The Court considered Defendant Alisa Davis' motion for summary judgment/motion to dismiss/motion for judgment on the pleadings. The Court finds that Plaintiff has plead sufficient material facts, including offering the sworn deposition testimony of Ronald Robinson that contradicts the contentions raised in Davis' motion. Because Ms. Davis' motion is contradicted by the sworn testimony of Mr. Robinson, the Court rules that Ms. Davis' motion is DENIED.

IT IS SO ORDERED:

Dated this 10th day of April, 2018

Hon. Timothy Williams
District Court Judge

3

Submitted by: _____
David Liebrader, Esq.
Attorney for Plaintiff

4